UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROGER CHARLES DAY, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. DEPARTMENT OF THE TREASURY, )<br>)<br>Defendant. ) | Civil Action No. 19-3467 (EGS) |

## MEMORANDUM OPINION

Roger Charles Day, Jr. ("Plaintiff"), who currently is incarcerated at the United States Penitentiary in Terre Haute, Indiana, brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, and the Privacy Act, *see* 5 U.S.C. § 552a, against the United States Department of the Treasury ("Treasury" or "Defendant"). This matter is before the Court on Defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment (ECF No. 9), Plaintiff's Amended Complaint (ECF No. 14) construed as a motion for leave to amend, and Defendant's Motion to Strike Amended Complaint (ECF No. 16). For the reasons discussed below, the Court GRANTS summary judgment for Defendant and DENIES the remaining motions.

## I. BACKGROUND

### A. FOIA/PA Request

Plaintiff alleges that, in August 2019, he sent a request to the Internal Revenue Service ("IRS"), a Treasury component, under FOIA and the Privacy Act ("FOIA/PA request") and addressed it to: Freedom of Information, Office of Disclosure, Office of Chief Counsel, 1111

1

Constitution Avenue, N.W., Washington, DC 20224. *See* Compl. (ECF No. 1) ¶ 2; Pl.'s Opp'n (ECF No. 12) at 1-2. The complaint does not describe the information requested, and Plaintiff does not attach a copy of the FOIA/PA request itself as an exhibit. Elsewhere, Plaintiff states that he sought information about himself and that a completed Certificate of Identity form accompanied his request. *See* Pl.'s Opp'n at 1.

In response, Plaintiff allegedly received from the IRS' National Distribution Center in Bloomington, Illinois, a preprinted postcard postmarked October 16, 2019, stating:

> The Internal Revenue Service's National Distribution Center has received your request for forms and/or publications.
>
> We are not filling requests from correctional facilities at this time. Please check your library for regularly stocked tax products, or see your facility's librarian or your counselor to obtain the IRS forms and publications you need.

Compl., Ex. A at 2; SMF (ECF No. 13-1) ¶ 3.

### B. Request for a Private Letter Ruling

According to Plaintiff, he "sent a request for a private letter ruling on July 12, 2017." SMF ¶ 4. The IRS acknowledged receipt of the request in writing on October 26, 2017, *id.* ¶ 5; *see* Compl., Ex. B at 1, and notified Plaintiff that his request would be forwarded to another IRS office in Ogden, Utah, and that a response was expected within 45 days, *see* Compl., Ex. B at 1-2. To date, Plaintiff has alleged, the IRS has not responded. *See id.* ¶ 3.

### C. AFOIA

Defendant's declarant states that a FOIA/PA request to the IRS must be submitted either through the agency's online portal, by fax, or by mail addressed to: IRS FOIA Request, Stop 93A, P.O. Box 621506, Atlanta, GA 30362-3006. Bley Decl. (ECF No. 9-3) ¶ 7. He explains that the IRS uses AFOIA, a computerized database, "to maintain FOIA case file information and secure documents responsive to FOIA requests," Bley Decl. ¶ 6, and Privacy Act requests, SMF

2

¶ 8. Information in AFOIA is retrieved using a requester's name, case number, case name, tax identification number, or an individual's Social Security number. SMF ¶ 9.

According to the declarant, a search of AFOIA using Plaintiff's name and Social Security number as search terms did not locate a FOIA/PA request from Plaintiff. Bley Decl. ¶ 5. Nor did the IRS' Disclosure Office have a record of having received a request from Plaintiff. SMF ¶ 11.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, . . . together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted).

### B. Exhaustion of Administrative Remedies

#### 1. Plaintiff Failed to Exhaust Administrative Remedies under the FOIA

Generally, in a FOIA case, "[e]xhaustion of administrative remedies is . . . required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hidalgo v. FBI*, 344 F.3d 1256, 1258 (D.C. Cir. 2003) (quoting *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61 (D.C. Cir. 1990)); *see also* 5 U.S.C. § 552(a)(6). While "the exhaustion requirement is not


jurisdictional because the FOIA does not unequivocally make it so[,]" judicial review is precluded as a jurisprudential matter because "the 'purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Hidalgo*, 344 F.3d at 1258–59 (quoting *Oglesby*, 920 F.2d at 61); *see also Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 182 (D.C. Cir. 2013) ("[A] FOIA requester must exhaust administrative appeal remedies before seeking judicial redress."); *Oglesby*, 920 F.2d at 61–62 ("Courts have consistently confirmed that the FOIA requires exhaustion of this appeal process before an individual may seek relief in the courts.") (citations omitted).

A proper FOIA request is one which "reasonably describes" the records sought and complies with an agency's published procedures for submitting a FOIA request. 5 U.S.C. § 552(a)(3)(A). A requester's "failure to comply with an agency's FOIA regulations is the equivalent of a failure to exhaust." *West v. Jackson*, 448 F. Supp. 2d 207, 211–12 (D.D.C. 2006) (citing *Ivey v. Snow*, No. 05-1095, 2006 WL 2051339, at *3 (D.D.C. July 20, 2006)). And if an agency does not receive a FOIA request in compliance with its published procedures, the agency has no obligation to respond to it. *See Lopez v. Nat'l Archives & Records Admin.*, 301 F. Supp. 3d 78, 88–89 (D.D.C. 2018) ("Since it is undisputed that plaintiff's request was not sent through the proper channels to CIA, the agency was not required to respond, and plaintiff did not exhaust his administrative remedies as to that agency.").

Treasury argues that, because Plaintiff cannot show that the IRS actually received a FOIA request from him, Plaintiff failed to exhaust his administrative remedies prior to seeking judicial review in this Court. *See* Def.'s Mem. (ECF No. 9-1) at 4-5. The IRS's declarant states that neither AFOIA nor the IRS's Disclosure Office has a record of receiving a FOIA request from Plaintiff. *See* Bley Decl. ¶¶ 5, 7.

Plaintiff insists that "[t]he ONLY correspondence sent by [him] to the IRS from the United States Penitentiary address was a proper FOIA/PA request 'for all records concerning [himself].'" Pl.'s Opp'n at 1. According to Plaintiff, "if any envelope whatsoever identified as having come from a prison or jail is received by the IRS, the postcard goes out and the IRS takes no further action." *Id*. at 2. He posits that IRS treats even a proper FOIA request from a prisoner as if it merely were "some general request for a form 'and or publications'" which would not be documented in AFOIA. *Id*. In this way, Plaintiff asserts that the IRS wholly disregards prisoner's FOIA requests and "willfully . . . usurp[s] the rights of prisoners seeking relief pursuant to the FOIA/PA." *Id*.

Missing from Plaintiff's response is any evidence in the form of documents, declarations or other materials, *see* Fed. R. Civ. P. 56(c)(1)(A), to support his assertions. What documents Plaintiff does present, such as a copy of a FOIA request to the U.S. Department of Defense, *see* Pl.'s Opp'n, Ex. A, do not establish that he submitted a proper FOIA request to the IRS. And his belated attempt at securing admissions under Federal Rule of Civil Procedure 36, *see id*., Ex. B; *see also* Am. Compl. (ECF No. 14), Ex. A, does not compensate for his lack of evidence in support of his position. In contrast, Defendant's declaration, which is "accorded a presumption of good faith," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), demonstrates that the IRS did not receive a FOIA request from Plaintiff.

The IRS need not spring into action simply because Plaintiff placed a request in the mail, particularly when Plaintiff appears to have sent his FOIA request to an incorrect address. On summary judgment Plaintiff must produce some evidence to show that the IRS actually received a proper FOIA request. *See Reynolds v. U.S. Dep't of Justice*, No. 16-CV-1428, 2017 WL 1495932, at *2 (D.D.C. Apr. 26, 2017) (granting summary judgment for agency where "Plaintiff

does not offer proof via, *e.g.*, a certified-mail receipt or any other form of mailing that his [FOIA requests] reached their intended target"); *Pinson v. U.S. Dep't of Justice*, 69 F. Supp. 3d 108, 115 (D.D.C. 2014) (granting summary judgment where "agency offers a declaration attesting that it has no record of receiving [plaintiff's] FOIA request" and where plaintiff's "evidence in no way indicates that the FOIA request actually was received" by the agency). And where, as here, "no FOIA request is received, an agency has no reason to search [for] or produce records and similarly has no basis to respond." *Carbe v. Bureau of Alcohol, Tobacco & Firearms*, No. 03-CV-1658, 2004 WL 2051359, at *8 (D.D.C. Aug. 12, 2004); *see Johnson v. United States*, 239 F. Supp. 3d 38, 44 (D.D.C. 2017) (concluding that agency did not fail to fulfill its obligations under FOIA where plaintiff had not submitted a FOIA request prior to filing civil action).

### 2. Plaintiff Failed to Exhaust Administrative Remedies under the Privacy Act

Pursuant to the Privacy Act, "[e]ach agency that maintains a system of records shall . . . upon request by any individual to gain access to his record . . . , permit him . . . to review the record and have a copy made of all or any portion thereof[.]" 5 U.S.C. § 552a(d)(1). If the agency refuses an individual's request for access to information about himself in the agency's system of records, the individual may sue the agency. 5 U.S.C. § 552a(g)(1)(B). Prior to bringing suit, however, the individual must exhaust his administrative remedies, and exhaustion "under the Privacy Act . . . is jurisdictional because exhaustion is required by statute." *Trent v. U.S. Dep't of Homeland Sec.*, No. 18-CV-2591, 2020 WL 1429881, at *2 (D.D.C. Mar. 24, 2020) (citing 5 U.S.C. §§ 552a(d)(1)–(3), g(1)) (additional citations omitted); *Barouch v. U.S. Dep't of Justice*, 962 F. Supp. 2d 30, 67 (D.D.C. 2013) ("Indeed, failure to exhaust administrative remedies under the Privacy Act is a jurisdictional deficiency because exhaustion is required by statute.").

Defendant's declarant avers that a search of AFOIA, where records of both FOIA and Privacy Act requests are maintained, yielded no Privacy Act request from Plaintiff. And as discussed above, Plaintiff points to no evidence to show that the IRS received a proper Privacy Act request from him. Given Plaintiff's failure to exhaust administrative remedies under the Privacy Act, the Court is deprived of subject matter jurisdiction and the claim must be dismissed. *See Ball v. U.S. Marshals Serv.*, No. 19-CV-1230, 2020 WL 1079069, at *2 (D.D.C. Mar. 6, 2020); *Lopez*, 301 F. Supp. 3d at 89.

### B. Plaintiff's Motion to Amend Complaint

On April 27, 2020, *after* the parties fully had briefed Defendant's dispositive motion, Plaintiff filed an Amended Complaint (ECF No. 14), which the Court construes as a motion for leave to amend the complaint. Given the Court's resolution of Defendant's dispositive motion, the Court denies both Plaintiff's motion and Defendant's Motion to Strike Amended Complaint (ECF No. 16).

### III. CONCLUSION

The Court concludes that Plaintiff failed to exhaust his administrative remedies under FOIA and the Privacy Act prior to filing this civil action. Accordingly, the Court GRANTS Defendant's Motion to Dismiss, or Alternatively, Motion for Summary Judgment, DENIES Plaintiff's motion for leave to amend his complaint, and DENIES as moot Defendant's motion to strike the amended complaint. An Order is issued separately.

/s/
EMMET G. SULLIVAN
DATE: July 31, 2020                             United States District Judge